IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CRIM. NO. JKB-09-0288</td></tr>
<tr><td>RONALD ELZEY,</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

*     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

Defendant Ronald Elzey is presently serving a sentence of 262 months' imprisonment for Conspiracy to Participate in a Racketeering Enterprise. (*See* ECF No. 629.)[1] On August 7, 2020, Elzey filed a Motion to Reduce Sentence under Section 404 of the First Step Act. (ECF No. 1924.) This Motion was supplemented by counsel on November 12, 2021 to elaborate on the grounds for a Section 404 sentence reduction and to include a request for compassionate release. (ECF No. 1993.) It was also restyled as a Motion for Compassionate Release and Request for Sentence Reduction under Section 404 of the First Step Act. (*Id.*) The Government has opposed Elzey's Motion for Compassionate Release and his request for a sentence reduction under Section 404 of the First Step Act. (*See* ECF No. 2006.) Accordingly, both Motions are ripe for disposition and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, Elzey's Motion for Compassionate Release (ECF No. 1993) will be GRANTED and Elzey's sentence shall be reduced

---

[1] Elzey was also sentenced in a separate case to a 120-month sentence, to run concurrently with his 262-month sentence in this case, for being a felon in possession of a firearm. *See United States v. Elzey*, Crim. No. CCB-09-0607 (D. Md. filed Nov. 24, 2009). Given that Elzey has been incarcerated for approximately 150 months, this sentence has been served. (*See also* ECF No. 1993 at 5 n. 2.)

1

to time served plus fourteen days. Elzey's alternative Request for a Sentence Reduction under Section 404 of the First Step Act (ECF Nos. 1924, 1993) will be DENIED as moot.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Here, the Government agrees that "[t]he defendant has exhausted the administrative requirements associated with a First Step Act sentencing reduction request." (ECF No. 2006 at 2.) The Fourth Circuit has confirmed that § 3582(c)(1)(A)'s "requirement that a defendant satisfy the threshold requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Accordingly, "it may be waived or forfeited" and courts should not "*sua sponte* dismiss[ a] motion based on the threshold requirement." *Id.* As the Government concedes that Elzey has satisfied the administrative exhaustion requirement, the Court will turn to the substance of his Motions.

### I.   *Extraordinary and Compelling Reasons*

In his Motion, Elzey argues that two circumstances independently qualify as "extraordinary and compelling reasons" warranting compassionate release. First, Elzey argues that his medical conditions make him uniquely vulnerable to COVID-19 and constitute extraordinary and compelling reasons for release in light of the ongoing pandemic. (*See* ECF No. 1993 at 6–11.)

2

Second, Elzey argues that the length of his sentence, driven by a now-obsolete career offender enhancement, also constitutes an extraordinary and compelling reason warranting compassionate release. (*Id.* at 12–14.) The Court concludes that the sentencing impact of Elzey's changed career offender status, along with other considerations, constitute extraordinary and compelling reasons potentially justifying compassionate release.

Elzey was sentenced subject to a career offender enhancement under United States Sentencing Guidelines ("USSG") § 4B1.1 which contributed to a Guidelines sentencing range of 262-327 months. PSR at 1. The parties agree that, if sentenced today, Elzey would no longer be considered a career offender, because conspiracy to participate in a racketeering enterprise is no longer a predicate "crime of violence or a controlled substance offense" under USSG § 4B1.1(a)(2). *See United States v. Norman*, 935 F.3d 232 (4th Cir. 2019); (*see also* ECF Nos. 1993 at 12, ECF No. 2006 at 12 ("The government does agree, for purposes of this memorandum, that the defendant is no longer a career offender.").) The parties similarly agree that, absent the career offender enhancement, and based on other changes in sentencing law for drug offenses, Elzey's Guidelines range would instead be 121-151 months' imprisonment based on a total offense level of 29 and a criminal history category of IV. (*See* ECF No. 1993 at 12, ECF No. 2006 at 12 n.3.)

District courts in this circuit have universally affirmed that "[t]he fact that [a defendant], if sentenced today for the same conduct, would likely receive a dramatically lower sentence than the one he is currently serving, constitutes an 'extraordinary and compelling' reason justifying potential sentence reduction under § 3582(c)(1)(A)(i)." *See, e.g., United States v. Decator*, 452 F. Supp. 3d 320, 324 (D. Md. 2020); *see also United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020) (affirming consideration of "the 'gross disparity' between [defendants' sentences] and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct.").

3

Some courts have applied this principle to grant compassionate release to persons who no longer qualify as career offenders. *See United States v. Shaw*, Crim. No. MFU-13-0025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021); *United States v. Trice*, Crim. No. GEC-13-0034, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021); *United States v. Minter*, Crim. No. JRG-12-0191, 2021 WL 1894454, at *3 (S.D.W. Va. May 11, 2021). While others have declined to find that a change in career offender status constituted an extraordinary and compelling reason, those cases have generally involved defendants for whom a change in career offender status did not predicate a "*dramatically* lower sentence." *Decator*, 452 F. Supp. 2d at 324 (emphasis added); *see also United States v. Myers*, Crim. No. CCB-01-0188, 2021 WL 2401237, at *3 (D. Md. June 11, 2021) (concluding that change in career offender status did not constitute an "extraordinary and compelling reason" where if even if defendant was "sentenced to the bottom of the guideline range that might be applicable today [ ] this would represent a reduction of approximately 3.5 years, or 14 percent"). *But see Shaw*, 2021 WL 3007266, at *5 ("22 months is almost two years of [defendant's] life. It is more than 10 percent of his current 210-month sentence. Those 22 months are undoubtedly extraordinary and compelling to [the defendant] and the court agrees that the disparity is significant.").

The Court agrees that a change in career offender status, and a consequent change in the appropriate Guidelines sentencing range, can qualify as an extraordinary and compelling reason warranting compassionate release. That said, the finding of extraordinary and compelling reasons, as always, remains "the product of [an] individualized assessment[] of each defendant's sentence" including "full consideration of the defendants' individual circumstances." *McCoy*, 981 F.3d at 286. This individualized and holistic assessment confirms that the change in Elzey's career

offender status constitutes an extraordinary and compelling reason potentially warranting compassionate release.

Here, the career offender enhancement drastically increased Elzey's sentence. Without this enhancement, Elzey's Guidelines sentencing range is more than a decade shorter than the range applied at his original sentencing. The Government agrees that removing this enhancement "would be a substantial reduction in the defendant's guideline range." (ECF No. 2006 at 12 n.3.) It argues, however, that the fact Elzey is serving nearly double the sentence he would receive today is not extraordinary and compelling because the other factors considered in *McCoy*: the defendant's youth, minimal criminal history, and "exemplary behavior and rehabilitation in prison" are absent here. (*Id.* at 15–16); *see also McCoy*, 981 F.3d at 286. Although these factors are important, they do not outweigh the dramatic sentencing disparity presented by Elzey's circumstances. In this case, the Court believes the more appropriate approach is to consider those factors under § 3553(a), rather than to apply them as a categorical bar to compassionate release. *See United States v. Eberhart*, Civ. No. CCB-06-0478, 2021 WL 1966727, at *3 (D. Md. May 17, 2021) (concluding that § 3553(a) factors counseled against a sentence reduction despite defendant no longer qualifying as a career offender where original sentence was already a significant downward variance and in light of defendant's serious offense of conviction and criminal history). Accordingly, the Court concludes that Elzey has shown "extraordinary and compelling reasons" potentially warranting compassionate release and turns to whether the § 3553(a) factors warrant a reduced sentence.

## II.    Section 3553(a) Factors[2]

18 U.S.C. § 3553(a) requires a court to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of incarceration.  Among the § 3553(a) factors the Court must consider is "the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines."  18 U.S.C. § 3553(a)(4); *see also Gall v. United States*, 552 U.S. 38, 50 (2007) ("The fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").  Consideration of the Guidelines range also ensures that the Court "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  These factors counsel strongly in favor of a sentence within Elzey's revised Guidelines range of 121-151 months' imprisonment.

The Court concludes that the other factors do not warrant an upward variance from that range, much less the severe variance implicated by Elzey's present sentence.  Certainly Elzey's offenses, possessing a firearm while being part of a violent street gang, are serious.  Also troubling is Elzey's significant criminal history, which placed him in a Criminal History Category of IV at the time of the instant offenses.  Elzey also appears to have continued engaging in concerning

---

[2] The parties also agree that the Court could reach an assessment of the § 3553(a) factors through the resentencing procedure authorized by Section 404 of the First Step Act.  (*See* ECF No. 1993 at 14–16; ECF No. 2015 ("In light of *Gravatt*, the government does not contest that the defendant is eligible for section 404 relief.").)  That said, there is some dispute as to whether such a resentencing procedure permits a district court to consider intervening changes in law, such as Elzey's change in career offender status.  *Compare United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021) (permitting consideration of "intervening case law"), *with United States v. Concepcion*, 991 F.3d 279, 289 (1st Cir. 2021) (concluding that in a Section 404 resentencing "the district court must place itself at the time of the original sentencing and keep the then-applicable legal landscape intact").  The Supreme Court has granted certiorari to resolve this circuit split.  *See Concepcion v. United States*, 142 S. Ct. 54 (2021) (mem.).  Given this uncertainty and that the Court's conclusion that Elzey establishes "extraordinary and compelling reasons" renders the Section 404 analysis superfluous, the Court does not explicitly decide whether relief could alternatively be granted under Section 404.

6

behavior while incarcerated, accumulating numerous infractions–some of which were serious, including possession of a dangerous weapon in 2014. (ECF No. 1995-10 at 1.)

On the other hand, Elzey has been free of any serious violations while incarcerated since 2014. (*Id.*) Further, he has engaged in significant education and vocational training while incarcerated. (ECF No. 1993-7.) Elzey has also submitted a number of character letters attesting to strong relationships with family and a community available to support him upon release. (ECF No. 1993-8.)

Taken together, these factors recommend a sentence at the top-end of the *revised* Guidelines range, but certainly do not favor the upward variance that would be Elzey's present sentence, or the 226-month sentence recommended by the Government. (*See* ECF No. 2006 at 24.) While the Court believes that a 151-month sentence would be appropriate, Elzey has already served approximately 151 months in prison. (ECF No. 1993 (filed November 12, 2021) (noting that Elzey "has already served over 149 months as of the filing of the instant motion").) With so-called "good-time" credit, Elzey's time incarcerated could satisfy up to approximately a 173-month sentence. *See* 18 U.S.C. § 3624(b). Accordingly, a discussion of where exactly in the revised Guidelines range to place Elzey's sentence is largely academic, as the most appropriate disposition of Elzey's Motion is a reduction of his sentence to time served plus an additional fourteen days to permit Elzey to quarantine and pass a medical clearance prior to release.

For the foregoing reasons, the Court concludes that a sentence of time served plus fourteen days promotes respect for the law, deters crime, protects the public, and is "sufficient but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a).

Accordingly, it is hereby ORDERED:

1. Elzey's Motion for Compassionate Release (ECF No. 1993) is GRANTED.

7

2. Elzey's Request for a Sentence Reduction under Section 404 of the First Step Act (ECF Nos. 1924, 1993) is DENIED as moot.

3. An Amended Judgment and Commitment Order will issue setting the sentence at time served plus fourteen days, such that Elzey is released from the custody of the Bureau of Prisons as soon as the terms of this Order can be implemented.

4. All other terms of the sentence imposed that are not altered by this Order remain in full force and effect and will be reflected in the Amended Judgment and Commitment Order.

5. Elzey SHALL be quarantined for fourteen days and pass a medical clearance prior to his release.

DATED this ___ of February, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

8